```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X
UNITED STATES OF AMERICA,

        -against-
                                            ORDER
CARLO DONATO,                            95-CR-223(DRH)

            Defendant.
-----------------------------X
A P P E A R A N C E S:

For the Government:
    Roslynn R. Mauskopf
    United States Attorney
    Eastern District of New York
    Alfonse M. D'Amato Federal Courthouse
    100 Federal Plaza
    Central Islip, New York 11722
      By: Lawrence P. Ferazani, Jr., A.U.S.A.

For Defendant:
    James C. Neville Esq.
    16 North Washington Street
    P.O. Box 1711
    Port Washington, New York 11050
```

HURLEY, District Judge

By decision dated October 9, 2002, the Circuit affirmed defendant's conviction, but remanded the case to the district court "for the limited purpose of imposing a fine within the appropriate Guideline range, or imposing a fine above the Guideline range with appropriate explanation." United States v. Donato, 306 F.3d 1217, 1235 (2d Cir. 2002). Following remand, the case was reassigned to me. The required resentencing was not scheduled until February 18, 2005 due to an administrative error on my part.

On January 12, 2005 the Supreme Court rendered its

decision in <u>United States v. Booker</u>, 125 S. Ct. 728 (2005). The Second Circuit has held that <u>Booker</u> is inapplicable to a collateral attack on a final judgment. <u>Guzman v. United States</u>, ___ F.3d ___, 2005 WL 803214 (2d Cir.). Conversely, <u>Booker</u> typically, perhaps invariably, is applicable to cases currently on direct appeal. Query: is <u>Booker</u> applicable to the present case given the fact that Donato's appeal was decided long before <u>Booker</u> and the remand was explicitly confined solely to the issue of the appropriate fine to be imposed?

On February 15, 2005, the Court asked defense counsel to address that issue. Instead, counsel, in his letter of March 15, 2005, explains the purported affect that <u>Booker</u> would have on defendant's 1996 conviction, presupposing <u>Booker's</u> applicability. However, that submission is little aid to the Court since it fails to address the threshold issue of whether <u>Booker</u> is applicable. The government has not responded to defense counsel's March 15, 2005 letter.

Defense counsel shall submit a letter on or before May 13, 2005, indicating, with appropriate citations to authority, <u>whether</u> <u>Booker</u> is applicable to the present case given its current posture. The government's response is due by May 27,

2005, and the defendant shall have until June 10, 2005 to file reply papers on this threshold issue.  Sentenced is adjourned to June 24, 2005 at 11:30 a.m.

SO ORDERED.

Dated: April 21, 2005
       Central Islip, New York


_____/s/_____
DENIS R. HURLEY, U.S.D.J.